No. 14,135.

MARKER *v.* CITY SAVINGS, BUILDING AND LOAN ASSOCIATION ET AL.
(73 P. [2d] 991)

Decided October 25, 1937.

Mr. Simon Quiat, Mr. Samuel S. Ginsberg, Mr. Nathan H. Creamer, for plaintiff in error.

Mr. Thomas C. Turner, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Marker, plaintiff in error, seeks a review of the orders of the district court disallowing distribution in a receivership proceeding, on claims held by him through assignment. The only defendants here contending are Thomas C. Turner and W. Frank Haskew, co-receivers, and the City Savings, Building and Loan Association. Marker will be herein mentioned as plaintiff, and the defendants as co-receivers and the association.

Prior to June 21, 1932, the association had received from numerous persons large sums of money for investment and had issued therefor "certificates of deposit" to some, and "pass books" to others, showing the amounts the respective persons had invested in shares of the association. On the above mentioned date, upon petition of the attorney general, a receiver was appointed by the district court to take charge of the affairs of the association, who qualified and acted until the time of his death about a year later, when the co-receivers were appointed. October 1, 1934, at a hearing on co-receivers' report, the court entered findings, and an order and decree, the pertinent substance of which follows: That the claims were filed within the time fixed by notice, March 15, 1933, and hearing duly set for October 1st, 1934, written and published notice of the hearing being duly given; that the court has jurisdiction to hear, determine and adjudicate all claims so filed; that it has heard and considered all evidence offered in support of the claims, no testimony having been offered against the allowance thereof, as approved and set out in the report; that the

money evidenced by the "certificates of deposit" and "pass books" was an investment in the shares of the association and not deposits, and the investors are members of the association; that each should bear his proportionate share of the expenses and losses incurred by the association and should participate in its net assets in such prorata share as each claim allowed herein bears to the total sum of all claims now or hereafter allowed; that the claims set forth be, and they are, allowed as valid claims; that each claimant *has an interest* in the net assets of the association; that the claimants and the amount of their claims are as follows: (a list including each claim here involved by assignment to plaintiff and totalling about $30,000).

Co-receivers petitioned for an order pertaining to distribution and on the hearing, April 29, 1935, the court found that many distributees had attempted to transfer their distributive shares; finding further, that receivers should not be required to pass upon the validity of such claims, and ordered that all persons claiming by assignment file with the court a verified petition on or before May 27, 1935, setting forth their claims, and attach thereto the original instrument upon which they claim the right to be paid; that within ten days after the filing of such petitions they call them up for hearing, and determination, three days notice to assignor, or others interested to be served by the sheriff of the proper county or by registered mail with the request for a return signature card, which notice together with proof of service shall be filed with the clerk of the court for approval by the court.

May 22, 1935, plaintiff, being assignee of fifty-five claims, filed his petition as required by the above order, attaching thereto the original receipts which had been issued by the receiver upon surrender of the "certificate of deposit" or "pass book," together with the assignments from the original claimants. He gave notice by mail, as provided, of a hearing on the petition on May 31,

1935, and obtained receipts for such notices. Continuances of the hearing followed, and on the suggestion of the court further and additional assignments were procured from many of the original assignors. January 22, 1936, thirty-four assignments to plaintiff were filed which were presented immediately for adjudication and disallowed. January 27, 1936, plaintiff petitioned for a rehearing, date of the hearing thereon being fixed for April 14, 1936. On this date, a number of the original claimants appeared either in person or by attorney and the court, without taking evidence, denied plaintiff's petition, whereupon he filed a petition for leave to sue the co-receivers and original claimants for the purpose of establishing his rights in and to the claims which he held by assignment. This petition was heard instanter and denied by the court. To the orders disallowing the claims and denying leave to sue the receivers and assignors, plaintiff assigns error.

Without discussing other propositions suggested, we find the determination of two questions will dispose of the matters here presented; namely, Are the claims assignable? Can plaintiff have the adverse orders of the trial court, herein set out, reviewed? Since our answer to both is affirmative, a reversal of the trial court's rulings and remanding of the case necessarily follows. We do not pass upon the sufficiency of the separate assignments of claims in question, as that can properly be done only at hearings thereon before the trial court upon the objections and defenses thereto, if any. The first question suggests two queries, first: Is the interest of a member of the building and loan association assignable? Second, after the interest of a member has been adjudicated in a receivership proceeding, can he then assign? The trial court decreed herein that the claimants, who had presented allowable claims, *had an interest in the assets of the association.* The original investors also were found to be members of the association. The claims presented were the amounts of the

investments. There is no law which would support a finding to the effect that such a member and claimant did not have an interest in the assets of the association, such assets being in the hands of indifferent persons, so far as the varied interests of parties to the receivership proceeding might have. A receiver is only a ministerial officer of the court exercising jurisdiction over a receivership estate. A claim, and its amount as a liability against the assets of the association, is the primary concern of the receiver, and the personnel of the claimants is a secondary matter, in the distribution of its assets. The vigilance of the receiver is directed only to the full and complete discharge of the liability attaching upon the allowance of a claim. He is not concerned in the matter of to whom he pays the claim, if payment is a full and complete discharge of the liability. Ownership of an interest in the assets of a receivership estate, carries with it the right to hold such interest or dispose of it. It would be a queer rule which would not permit a claimant or holder of such an interest to profit or lose on his investment by his voluntary acts, and which would compel him to stand by and have either a profit or loss forced upon him. Such an owner would have the undoubted right to assign his claim before it became involved in a receivership proceeding and we find nothing in the law which changes his right after a receiver is in charge. The court could not displace a lien vested by a contract of assignment; neither could it prevent such a contract. The only difference between an assignment before and after a receivership, is that after the receivership, all infirmities of a claim in the way of its prorata share of the receivership expenses, as well as its proportion in the total amount of the assets to be distributed is determined and fixed, which would not be the case before receivership. In this connection, we speak only of assignments which are valid and provable as between assignor and assignee.

Co-receivers contend that the assignments, as

here made, after allowance of the claim, could only be made with the consent and approval of the court. It is obvious that if the court possesses such power and control, it could by an arbitrary abuse of that power, determine who were assignees and thereby indirectly control the amount the assignor could realize. These claims belong to the legal holders and not to the court. Co-receivers also urge that the orders of which complaint is made are not final in the sense that plaintiff is entitled to have them reviewed by this court. The order disallowing plaintiff's claims, followed by one denying a rehearing on the matter of the allowance thereof, was a final determination by the trial court, and of course is subject to a review. There was nothing remaining unadjudicated with reference to the plaintiff's cause. It was not intermingled or inseparably connected with other matters involved in the receivership, and when thus determined, a review was available. The order denying plaintiff's request for leave to sue the receiver and the original claimants for a determination of his rights under the assignments, was not a preliminary matter, but unmistakably a final order. The court had recognized assignments when by its order of July 5, 1935, it directed the co-receivers to pay a liquidating dividend of 16 per cent to ''* * * all assignees of said distributive interests, whose assignments have been approved by an order of the court * * *.'' If the trial court would not recognize the assignments to plaintiff, it was apparently because it either believed the assignments were insufficient or on the theory that the adjudicated claims were not assignable, in either case plaintiff was left without a remedy, if the court was in error, unless he could have the benefit of a review. It is apparent that the trial court held one or the other or both of these views, because all of plaintiff's claims were disallowed without the taking of evidence, or the hearing of argument of counsel as to the legal phases of the matter. The receivership court unquestionably is the proper forum for the determination

of the validity and sufficiency of the assignments. This, the court can do itself, or by reference.

The subject matter of these claims was withdrawn from the jurisdiction of all other courts when the trial court took the assets of the association into its possession through the receivership. We think it properly was suggested by counsel for some of the original judgment claimants who appeared at the time of the hearing on claimant's motion for a retrial, that an order be made requiring claimants to plead to plaintiff's petition, or answer same and set up all defenses. Certainly if that suggestion had been followed, no damage or injury would have resulted to any of the interested parties.

The judgment is reversed and the cause remanded with directions to the trial court to hear, and determine, or cause to be heard and determined, written objections and defenses, if any are presented by the original claimants to the assignments or the form and sufficiency thereof, and enter its judgment upon such determination.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE KNOUS and MR. JUSTICE BAKKE concur.