No. 14,503.

Marker v. City Savings, Building and Loan Association, et al.
(96 P. [2d] 7)

Decided October 23, 1939.

Mr. Simon Quiat, Mr. Samuel S. Ginsberg, Mr. Nathan H. Creamer, for plaintiff in error.

Mr. H. T. McGarry, Mr. John Ferguson Bennett, Mr. Thomas C. Turner, Mr. C. H. Babcock, for defendants in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This case was before us on a former occasion. *Marker v. City S. B. & L. Ass'n,* 101 Colo. 302, 73 P. (2d) 991. While counsel for defendants in error now intimate that plaintiff in error is here in a different capacity, the intimation has no basis in fact because the same claims are involved, and it is their assignment and validity that constitutes the gravamen of the action. The facts suf-

ficiently appear in our former opinion, under which the cause was remanded to the trial court with directions "to hear, and determine, or cause to be heard and determined, written objections and defenses, if any are presented by the original claimants to the assignments or the form and sufficiency thereof, and enter its judgment upon such determination."

Instead of complying with what we think was the intention of the above order, reasonably construed; namely, to hear and determine written objections or defenses "to the assignments, or the form and sufficiency thereof," the trial court permitted a general demurrer to be filed to the petition, which was before us on the former occasion, and sustained that demurrer, leaving the merits of the case still undetermined.

We specifically held in our previous pronouncement that the claims involved were assignable and belonged to the legal holders, and the clear purpose of the remanding order was to obtain a determination as to who the legal holders were, and to enter judgment accordingly. We held, inferentially at least, that the petition was good as against a general demurrer. Therefore, without discussing the alleged grounds for demurrer, which at best are highly technical, we reverse the judgment and again remand the cause with instructions to overrule the demurrer and proceed in harmony with the views here, and as expressed in the earlier opinion.

Taking note of a remark made orally in behalf of the receiver to the effect that it was important to close the estate at an early date, we think of no reason, the trial court finding it desirable to do so, why the sum involved here should not be paid into the registry of the court for disposition as determined on the merits.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.